**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Henry, et al., | No. CV-18-03058-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Somerton, et al., | |
| Defendants. | |

    Pending before the Court is nonparty Martin Porchas' Motion for Relief (Doc. 75) from this Court's Order finding him in civil contempt of court. Plaintiffs have filed a responsive memorandum (Doc. 76). The time for Mr. Porchas to file a reply has since expired. *See* LRCiv 7.2.

    On November 17, 2020, after Mr. Porchas failed to respond to an Order to Show Cause, the Court found him in civil contempt for failing to comply with Plaintiffs' subpoenas and the Order to Show Cause. (Doc. 69). Because Mr. Porchas had failed to timely object to the subpoenas, the Court found that Mr. Porchas had waived any objection to them. (*Id.* at 2). The Court also ordered Plaintiffs serve an affidavit of their pertinent costs and fees incurred on Mr. Porchas, who would then be permitted to object "solely to the reasonableness of the amounts sought." (*Id.* at 3).

    Mr. Porchas' Motion for Relief is the only filing this Court has received from him. In it, he seeks "civil relief" from Plaintiffs' request of $3,480 in attorney fees. (Doc. 75 at 6). Instead of arguing about the reasonableness of the amount, as the Court had ordered,

Mr. Porchas asserts that he is not able to fully comply with Plaintiffs' subpoenas. (*Id.*) He also asserts that he filed an "answer" with the Court on November 4, 2020, presumably contesting the subpoenas. (*Id.*) Again, a review of the docket shows that the Court has only received one filing from Mr. Porchas, which is his Motion for Relief. (Doc. 75). Because Mr. Porchas does not contest the reasonableness of the requested fees in this his Motion for Relief, the Court could deny the Motion on that basis alone. However, Mr. Porchas brings his Motion *pro se*, and so the Court will also construe the Motion as a Motion for Reconsideration and assess whether it merits relief under Federal Rule of Civil Procedure 60 and Local Rule 7.2. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts should liberally interpret *pro se* filings).

There are several reasons Mr. Porchas' Motion does not warrant reconsideration of its Order holding Mr. Porchas in civil contempt. First, Mr. Porchas' Motion was filed more than two weeks after he was served with a copy of the Order holding him in contempt. *See* LRCiv 7.2(g) (stating that motions for reconsideration must be filed no later than fourteen days after the order in question is filed, absent good cause shown).

Second, Mr. Porchas has not shown reasonable diligence in contesting the subpoenas. The subpoena's Certificate of Service shows Mr. Porchas was personally served with the subpoena on July 29, 2020. (Doc. 62-1 at 16). That subpoena contained a copy Federal Rule of Civil Procedure 45(d)(3), which provides the process by which one may modify an unduly burdensome subpoena. (*Id.* at 22). Mr. Porchas, therefore, has been provided written notice that an attempt to modify a subpoena must be "timely." *See* Fed. R. Civ. P. 45(d)(3). As the Court has explained to Mr. Prochas before, because Mr. Porchas has not made a timely motion, he has waived any objection to the subpoenas. *Moore v. Garnand*, 2020 WL 3574599, at *7 (D. Ariz. July 1, 2020) ("A non-party's failure to make timely objections to a Rule 45 subpoena deuces tecum generally requires the court to find that any objections have been waived."). It is doubtful that an objection to the subpoenas on November 4 would have been timely, either. The time for contesting the July subpoenas has passed.

1. When given notice and opportunity to be heard as to why he has failed to comply or contest the subpoenas, Mr. Porchas has generally failed to make any argument or even appear. (Doc. 69). When he was ordered to respond to the reasonableness of Plaintiffs' requested attorney fees, he made no objection to their reasonableness. (Docs. 69 at 3; 75 at 6). As a reminder, the Court's purpose in awarding fees is to compel obedience with the Court's orders and subpoenas. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983); Fed. R. Civ. P. 45(a) advisory committee's note (1991 amendment). Thus far, Mr. Porchas has not shown any willingness to observe the Court's orders. His Motion will be denied. Moreover, having no objection to the reasonableness of the award on the record, the Court finds that Plaintiff's request of $3,180.00 is a reasonable award and will award the same.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Martin Porchas' Motion for Relief (Doc. 75) is **denied**.

**IT IS FURTHER ORDERED** that Mr. Porchas shall pay Plaintiffs' attorneys in the amount of **$3,180.00**, representing the reasonable costs and fees incurred as a result of these contempt filings. Pursuant to Fed. R. Civ. 54(b), the Court finds there is no just reason for delay. The Clerk of Court shall enter judgment against Mr. Porchas reflecting this contempt fine.

**IT IS FINALLY ORDERED** that Plaintiffs shall effect service of this Order on Mr. Martin Porchas no later than January 29, 2021, and file proof of service of this Order no later than February 5, 2021.

Dated this 25th day of January, 2021.

Honorable Diane J. Humetewa
United States District Judge