William A. Richards #013381
Jesse Ritchey #034650
**RICHARDS & MOSKOWITZ PLC**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone No. 602-595-7800
Facsimile No. 602-812-7995
E-mail: brichards@rmazlaw.com
          jritchey@rmazlaw.com

Alan S. Baskin #013155
**BASKIN PLC**
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone No. 602-812-7977
Email: alan@baskin.law
*Attorneys for Plaintiffs Stephen Henry and Iglesia Bautista de Somerton*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Henry, a married man; Iglesia Bautista de Somerton, a non-profit religious organization,<br><br>Plaintiffs,<br><br>v.<br><br>The City of Somerton; Salvador Lopez; Hector Tapia; Carmen Juarez; and John and Jane Does 1-10,<br><br>Defendants. | Case No. CV-18-03058-PHX-DJH<br><br>**MOTION FOR DAMAGES** |

The Court has concluded that Plaintiffs Stephen Henry ("Stephen") and Iglesia Bautista de Somerton are entitled to relief as a matter of law against the City of Somerton under

Arizona's Free Exercise of Religion Act ("FERA"), A.R.S. § 41-1493, *et seq.* Somerton disregarded its citizens' religious exercise rights and enforced against the Plaintiffs a zoning ordinance that was "a seemingly direct violation of A.R.S. § 41-1493.03". [Ex. A]. That enforcement included filing both criminal and civil charges against Stephen after he had correctly warned Somerton its Ordinance violated FERA and the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"). And Somerton only relented after the U.S. Department of Justice and Arizona Attorney General intervened. But, by then, Somerton's enforcement actions had inflicted their damage on Stephen and his church. The Court must now set a jury trial to decide how much Stephen and his church should recover as their full monetary damages.

After all, the Arizona FERA drafters copied the relief language of RLUIPA and the Religious Freedom Restoration Act ("RFRA"). And, the federal courts have repeatedly recognized that this language entitles a successful plaintiff to the full spectrum of monetary damages a successful plaintiff might obtain in an action under 42 U.S.C. § 1983, and that determining how much damages to award is a jury question. Stephen and his church have presented evidence of a variety of monetary damages, and the Court must now allow them a jury trial on those damages. The Plaintiffs therefore respectfully request that the Court enter its order affirming their entitlement to a jury trial on their monetary damages and scheduling a trial setting conference.

**I.     The "Appropriate Relief" FERA Allows Includes Compensatory Money Damages for All the Harms Caused by Somerton's Enforcement of the Unlawful Ordinance.**

FERA creates a private cause of action under Arizona law allowing those subjected to illegal government infringement of their religious rights to obtain "appropriate relief" against the offending government entity, including any municipality. *See* A.R.S. §§ 41-1493(3), (6), 41-1493.01(D). The Arizona Legislature passed FERA to mirror and supplement at the state law level the federal private action statutes that guarantee citizens private relief against governments that infringe their religious rights, including RFRA, RLUIPA, and 42 U.S.C. § 1983. *See* Ariz. Leg. 49, 2nd Reg. Sess., Fact Sheet for H.B. 2596 (attached as Ex. B [describing

2

the background of the FERA amendment to mirror the provisions of RLUIPA]); Ariz. Leg. 44, 1st Reg. Sess., Final Revised Fact Sheet for S.B. 1056 (attached as Ex. C [Describing the purpose of FERA as adopting and codifying RFRA's "compelling state interest test in Arizona"]). One of the many provisions the Arizona Legislature copied from RFRA and RLUIPA were their terms entitling prevailing plaintiffs to "appropriate relief". *Compare* A.R.S. § 41-1493.01(D) *with* 42 U.S.C. §§ 2000bb-1(c), 2000bb-2(1) (RFRA); 42 U.S.C. § 2000cc-2(a) (RLUIPA). Under the Arizona law of statutory interpretation, where the statutory language indicates the Arizona Legislature "intended to strive for uniformity between federal and state . . . laws" "the courts may use as a guide interpretations given by the federal courts to comparable federal . . . statutes."[1] *Wedgewood Inv. Corp. v. Int'l Harvester Co.*, 126 Ariz. 157, 160, 613 P.2d 620, 623 (App. 1979). The Arizona Supreme Court has recognized that this rule requires courts construing FERA provisions to look to federal decisions under RFRA as persuasive authority for what the Arizona Legislature intended in FERA. *See Brush & Nib Studios, LC v. City of Phoenix*, 247 Ariz. 269, 298 ¶ 127 (2019) ("Because the text and requirements of FERA and RFRA are nearly identical, we rely on cases interpreting RFRA as persuasive authority in construing the requirements of FERA."); *State v. Hardesty*, 222 Ariz. 363, 367 ¶ 13 n.7 (2009) ("Because, however, RFRA is substantially identical to FERA, *compare* 42 U.S.C. § 2000bb-1(b) (2006) *with* A.R.S. § 41-1493.01(C), the United States Supreme Court's interpretation of RFRA, although technically not binding in our interpretation of FERA, provides persuasive authority . . .."). Thus, this Court must look to the federal law defining "appropriate relief" under RFRA and RLUIPA to interpret the identical language adopted in FERA.

The federal courts have repeatedly recognized that the phrase "appropriate relief" in

---

[1] The Arizona Supreme Court has also applied the "prior-construction canon" to find that by using a term of art that had acquired uniform construction in other, pre-existing legal sources, the Arizona Legislature intended to adopt the prior construction from those other sources. *See Silver v. Pueblo Del Sol Water Co.*, 244 Ariz. 553, 559-60 ¶ 22 (2018) (reasoning that the legislature's use of pre-defined terms of art illustrated intent to adopt prescribed meaning). Here, the federal statutes pre-existing the Arizona FERA statutes had adopted identical remedies language which has acquired a uniform construction under federal law that entitles the plaintiff to recover monetary damages.

RFRA and RLUIPA authorizes recovery of monetary damages remedy against government defendants. *See, e.g.*, *Tanzin v. Tanvir*, 141 S. Ct. 486, 493 (2020); *Opulent Life Church v. City of Holly Springs*, 679 F.3d 279, 290 (5th Cir. 2012) ("[M]unicipalities and counties may be held liable for money damages under RLUIPA…"); *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1168 (9th Cir. 2011) ("[U]nder *Franklin* [*v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60 (1992)], municipalities are liable for monetary damages for violations of RLUIPA…."); *Reaching Hearts Int'l, Inc. v. City of Long Branch*, 510 F.3d 253, 273 (3rd Cir. 2007) (remanding RLUIPA claim to district court "to enter judgment for [plaintiff] and to determine compensatory damages."); *Reich v. Cambridgeport Air Sys., Inc.*, 26 F.3d 1187, 1191 (1st Cir. 1994) ("We conclude that the phrase "appropriate relief" [] includes 'monetary damages' as specifically held in *Franklin*."). To enforce the Arizona Legislature's intent to mirror the meaning and intent of RFRA and RLUIPA, this Court must apply a similar interpretation to the "appropriate relief" Plaintiffs here are entitled to obtain under A.R.S. § 41-1493.01(D). In sum, Stephen and his church are entitled to obtain against Somerton monetary damages.

Just what categories of harms can be remedied by monetary damages under the federal statutes – and therefore FERA – is answered by the U.S. Supreme Court decision in *Tanzin*, 141 S. Ct. at 489. There, the Court held that monetary damages are available under RFRA, and it looked to the remedies available under 42 U.S.C. § 1983 to help define just what damages could be remedied in a RFRA action. *Id.* at 492.[2] Thus, the Court should look to monetary harms for which remedies may be traditionally sought in Section 1983 actions.

"It is well settled that in a § 1983 action, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotion distress, impairment of reputation, and

---

[2] The Court found that RFRA was a remedial statute designed to reinstate substantive protections and remedies that had been removed from claims under 42 U.S.C. § 1983 by *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990). The Court reasoned, "[g]iven that RFRA reinstated pre-*Smith* protections and rights, parties suing under RFRA must have at least the same avenues for relief against officials that they would have had before *Smith*" under a Section 1983 claim. *Id.*

personal humiliation." *Dorman v. Aronofsky*, CASE NO. 18-CV-61392-ALTONAGA, 2018 U.S. Dist. LEXIS 118161 *14 (S.D. Fl. Jul. 13, 2018) (citing *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)); *see also Hobson v. Wilson*, 737 F.2d 1, 61 (DC Cir. 1984). Likewise, under RLUIPA, compensatory damages for emotional distress are included in "appropriate relief." *See Lighthouse Inst. For Evangelism v. City of Long Branch*, Civ. No. 00-3366 (WHW), 2010 U.S. Dist. LEXIS 36193 *17 (D.N.J. Apr. 13, 2010). So Stephen and his church are entitled to recover money damages for any monetary losses, any mental or emotional distress, any impairment of reputation or any personal humiliation they can prove they suffered as a result of Somerton's FERA violations. The previously disclosed evidentiary record affirms that Stephen and his church can offer substantial evidence on all these categories of harm.

**A.   Monetary Losses.**

Stephen suffered numerous harms from Somerton's enforcement of its unlawful ordinance. These include the heavy expenses Stephen incurred defending himself from Somerton's prosecutions before the Registrar of Contractors and the Somerton Municipal Court. Stephen spent $56,565.13 defending himself against Somerton's attempted enforcement of its unlawful ordinance. [*See* Ex. D].

**B.   Reputational Harm.**

On top of these direct monetary losses, Stephen suffered significant reputational harm, embarrassment, and personal humiliation, and these harms are ongoing. Somerton decided to punish Stephen for his refusal to comply with its unlawful ordinance by conducting public prosecutions against him in criminal judicial proceedings and civil action before the Registrar of Contractors. All the records related to Stephen's arrest and criminal prosecution are public. *See* A.R.S. § 39-121. Any ordinary examination of these records by the public indicates that Stephen is a criminal. Only the most dedicated investigators conducting an in-depth search would learn that Stephen was persecuted for exercising his religious right and refusing to capitulate to an unlawful ordinance. Worse yet, Stephen cannot purge these criminal charges from his record because Arizona retains all criminal arrests and charges on someone's criminal history until the age of 99. A.A.C. § R13-1-102.

Stephen can also offer compelling proof that the criminal prosecution has disrupted his religious practice because and some other clergy are unwilling to associate with someone they now view as a "criminal." [*See* Ex. E, at ¶¶ 22-23]. This designation is particularly harmful and hurtful because Stephen is a retired police officer with an otherwise spotless record. [*See id.*, at ¶ 19].

Sadly, Somerton's various charges will hang like a reputational anchor around Stephen's neck for the rest of his life, and they create undeserved, yet permanent reputational scars for him and his church. Stephen's arrest and prosecutions by Somerton have tainted his reputation and he is entitled to recompense for that harm. Indeed, where the government took actions that have already severely humiliated a citizen and now permanently taint that citizen's reputation and interactions with others, the facts offer the unique circumstances for which the U.S. Supreme Court has recognized that "[a] damages remedy is not just "appropriate" relief…[i]t is also the *only* form of relief that can remedy [the impacts of the religious exercise] violations." *Tanzin*, 141 S. Ct. at 492 (emphasis in original).

C. **Emotional Harm.**

Stephen suffered significant emotional stress and mental anguish throughout the Somerton prosecutions. Stephen feared for his personal freedom from the moment the police ordered him to report to the station to face charges. [*See id.*, at ¶ 8]. Stephen even feared his immediate incarceration so much he brought cash with the hope of posting bail that night. [*See See id.*, at ¶ 9]. Luckily, Stephen did not have to post bail, but that fact does not alleviate the stress and anxiety Stephen felt at that moment. Additionally, Stephen regularly suffered from the emotional distress and anxiety that comes from facing 18 months in prison and protracted criminal and civil prosecution. [*See id.*, at ¶ 12-13]. As a result of this stress, Stephen experienced increased blood pressure and was forced to seek as much refuge and guidance as he could obtain through increased prayer and consultation with congregants. [*See* Ex. E, at ¶ 15; Ex. F, at 174:3-13].

These types of harms are compensable under RLUIPA and RFRA, and so they should also be compensated under the mirror Arizona provisions of FERA. Stephen is entitled to

recover monetary damages for all the harms caused by Somerton's imposition and enforcement of an ordinance that "treats a religious assembly or institution on less than equal terms with a nonreligious assembly…." A.R.S. § 41-1493.03(B). Nothing less than full monetary damages for all Stephen's harms would constitute "appropriate relief."

## II. A Jury Trial is Appropriate to Decide Stephen's Damages.

In cases asserting municipal liability for harm caused by unconstitutional policies, judges determine whether the alleged policies were unconstitutional, but juries decide if and how much the policies harmed the plaintiff. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 731 (1999) (Scalia, J. concurring); *Int'l Church of the Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1296 (N.D. Cal 2012) (holding "it will be the jury's obligation to determine the actual amount [of damages] to be awarded" on RLUIPA claim). Courts throughout the United States have therefore routinely provided plaintiffs seeking redress under RULIPA jury trials. *See, e.g.*, *Rocky Mountain Christian Church v. Board of County Commissioners*, 613 F.3d 1229 (10th Cir. 2010); *Reaching Hearts International, Inc. v. Prince George's County*, 368 F.App'x 370 (4th Cir. 2010); ); *Int'l Church of the Foursquare Gospel*, 902 F. Supp. 2d at 1296; *Redwood Christian Schs v. County of Alameda*, No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 53165 *5 (N.D. Cal., Jul. 9, 2007). As the Arizona law looks to these federal decisions as persuasive authority for how FERA operates, s*ee Brush & Nib Studios, LC*, 247 Ariz. at 298 ¶ 127; *Hardesty*, 222 Ariz. at 367 ¶ 13 n.7, the Court must conclude that Stephen and his church are entitled to a jury trial on their damages under FERA. Also, these decisions consistently affirming the jury trial right under RLUIPA were issued before Arizona's adoption of A.R.S. § 41-1493.03. Under the "prior-construction canon", Arizona's adoption of the mirroring FERA language after the jury trial right was consistently established in federal law offers further compelling proof that the Arizona law was similarly intended to require a jury trial on the FERA monetary damages claims in this case. *See Silver*, 244 Ariz. at 559-60 ¶ 22.

## III. A.R.S. 41-1493.01(D) Awards Attorney's Fees for Enforcement of FERA.

Under FERA, "[a] party who prevails in any action to enforce this article against a

government shall recover attorney fees and costs." A.R.S. § 41-1493.01(D). Stephen sought to enforce FERA against Somerton as Claim 1 under the First Amended Complaint. [*See* Doc. 56, at 18]. On June 17, 2021, this Court found that Somerton violated A.R.S. § 41-1493.03 as a matter of law and entered judgment accordingly. [*See* Doc. 114, at 13-14]. Unlike in other Arizona statutory attorney's fees authority, the Arizona Legislature in FERA employed the mandatory phrase "shall recover attorney fees and costs" to remove judicial discretion in the award of attorneys' fees to a prevailing party. *Compare* A.R.S. §41-1493.03(D) (employing the mandatory phrase "shall recover") *with* A.R.S. § 12-341.01 (employing the permissive term "may"). Stephen prevailed "against a government" and is entitled to recover his attorneys' fees through this stage of litigation. *See* A.R.S. § 41-1493.01(D).

### A. Stephen's Requested Attorneys' Fees are Reasonable and Should Be Awarded Without Further Reduction.

In accordance with the Court's June 17, 2021 Order, Stephen is requesting $113,855.00 in attorneys' fees related to his FERA claim up to this stage of the litigation. [Doc. 114, at 22 ("The motion must also request attorney fees and costs in accordance with LRCiv. 54.2")]. In preparation of the Declaration in Support of Attorneys' Fees filed with this Motion, counsel reviewed all the billing entries related to this case and removed fees which were not related to the FERA claim. For example, fees associated with researching dismissed claims, the Partial Motion for Summary Judgment, and settlement discussions were removed. If Stephen introduced a motion that did not relate to FERA, but Somerton's response raised issues related to FERA then replies to that motion are included in the request for fees.[3] These fees are appropriate and proper, as illustrated by the attached Declaration in Support of Attorneys' Fees. [*See* Ex. G]. Pending the Court's determination of the jury trial request, Stephen will seek leave to supplement the attorneys' fees application.

---

[3] For example, the fees for the Motion to Amend, [Doc. 44], are not included in the request. Somerton, however, raised arguments in its Response, [Doc. 46, at 5-7], that raised issues that would eliminate the FERA claim. Therefore, fees associated with the Reply in Support of the Motion to Amend, [Doc. 47], are included.

8

The reasonableness of attorneys' fees turns on the billing rate the attorney charges in the particular matter and the reasonableness of the number of hours expended on relevant case matters. *Andes Indus. V. EZconn Corp.* No. CV-15-01810-PHX-NVW, 2018 U.S. Dist. LEXIS 58211 *25 (D. Ariz. Apr. 5, 2018) (citing *Schweiger v. China Doll Restaurant Inc.*, 138 Ariz. 183, 187-88 (App. 1983)). A reasonable fee includes work which "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Schweiger*, 138 Ariz. at 187. All of the work taken in conjunction with the attorneys' fees request here was taken to protect Stephen's interest and properly litigate the case against Somerton, including specifically to litigate the issues relevant to the FERA claim. This litigation was complicated by the novelty of the Arizona statute. Prior to this litigation, only two cases had mentioned A.R.S. § 41-1493.03, and neither of those rulings provided significant detail or analysis on the statute.

## IV. Conclusion

Stephen and his church offer substantial evidence that they suffered serious damages, ranging from direct monetary loss to long-lasting reputational harm, stress, fear, and humiliation as a result of Somerton's enforcement of its unlawful ordinance. Federal courts, from the United States Supreme Court down, have held that monetary damages for such harms are recoverable under RFRA, RLUIPA, and related statutory schemes. The Arizona law governing statutory interpretation of the identical "appropriate relief" terms of FERA require that the Court also find the Plaintiffs entitled to recover monetary damages on their FERA claim, and entitled to the same jury trial proceedings that are routinely offered under RLUIPA. The Plaintiffs therefore respectfully request that the Court enter its order affirming their right to recover all monetary damages they can prove to a jury resulted from Somerton's FERA violations. The Court should further set a trial-setting conference to occur at its earliest convenience. And, as for the Plaintiffs' attorneys' fees and costs, the Court should award Stephen his full attorneys' fees of $113,855.00 with an Order to supplement that amount at the conclusion of a jury trial on the determination of Stephen's damages.

///

RESPECTFULLY SUBMITTED this 19th day of July, 2021.

                          RICHARDS & MOSKOWITZ PLC

                          /s/ Jesse R. Ritchey
                          William A. Richards
                          Jesse R. Ritchey
                          1850 N. Central Avenue, Suite 2010
                          Phoenix, AZ 85004

                          AND

                          BASKIN PLC
                          Alan S. Baskin
                          6263 N. Scottsdale Road, Suite 340
                          Phoenix, AZ 85012

                          *Attorneys for Plaintiffs Stephen Henry and Iglesia Bautista de Somerton*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Cathy Bowman
SIMS MURRAY
3101 North Central Avenue, Suite 870
Phoenix, Arizona 85012
cmbowman@simsmurray.com
*Attorneys for Defendants City of Somerton,*
*Salvador Lopez, Hector Tapia & Carmen Juarez*


/s/ Nicole Rynearson