**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Henry, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>City of Somerton, et al.,<br><br>        Defendants. | No. CV-18-03058-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Reconsideration (Doc. 129).[1] Because the Court denies the Motion, it requires no response. *See* LRCiv 7.2(g)(2).

**I.    Background**

By prior Order, the Court granted Defendants' Motion to Alter or Amend Judgment (Doc. 118) and declined to exercise supplemental jurisdiction over Plaintiffs' claim brought under Arizona's Free Exercise of Religion Act ("FERA"). The Court did so because it raised novel and complex issues of Arizona law, of which state courts have yet to resolve. (Doc. 128 at 8) (citing 28 U.S.C. § 1367(c)). Plaintiffs had previously argued that principles of comity, convenience, as well as the extended time this Court has presided over the matter required the Court to maintain jurisdiction over the FERA claim. (Doc. 122 at 15–17). However, the Court found because the particular FERA claim Plaintiffs raised so lacked development by Arizona courts, that comity suggested the Court decline

---

[1] Plaintiffs requested oral argument on this matter. (Doc. 129 at 1). The request is denied. The Court finds oral argument will not aid the Court's decision. Therefore, the Court will deny the request for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

supplemental jurisdiction. (Doc. 128 at 6). The Court recognized that it had presided over the matter since 2018, but found that because no trial had yet occurred, it was not so long a time that dismissal was inappropriate. (*Id.*) Ultimately, the Court declined to exercise jurisdiction over the FERA claim and dismissed it for lack of subject matter jurisdiction. (*Id.* at 8). Plaintiffs now seek reconsideration of the Court's decision.

## I.   Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.

LRCiv 7.2(g)(1). Finally, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## II.   Discussion

Plaintiffs argue the Court should reconsider its Order and elect to maintain jurisdiction for several reasons. Plaintiffs raise new factors to consider such as the likelihood of further litigation and the financial cost of further litigation in state court.

(Doc. 129 at 7). These arguments could have been raised earlier in Plaintiff's Response to Defendant's Motion but were not, and so they are not appropriately considered here on reconsideration. *See Kona Enters.*, 229 F.3d at 890. Likewise, Plaintiffs argue the Court could address comity concerns by certifying state law questions to the Arizona Supreme Court and that the Court should remand the matter to state court instead of dismissing it. (Doc. 129 at 8, 12). These arguments, again, were not raised earlier and so will not be considered now. The remaining arguments Plaintiffs raise relate to the efficiencies that could be gained by keeping the proceeding in this Court and the fact that a great deal of time has been spent in this Court litigating Plaintiffs' claims. As these arguments were made and addressed previously, they will not be reconsidered. *See* LRCiv 7.2(g)(1).

Plaintiffs next argue the Court erred by considering the Defendants' Motion because it was not timely filed. (Doc. 129 at 13). They wrongly assert it should have been considered an untimely motion for reconsideration, which must be filed within fourteen days of an order, absent good cause. (*Id.*) (citing LRCiv 7.2(g)(2)). Defendants' filed their Motion twenty-one days after the Court's Order. However, Defendants filed their Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59, which permits filing within twenty-eight days after entry of judgment. Defendants' Motion is, therefore, timely. In addition, to the extent a district court's local rules ever conflict with the Federal Rules of Civil Procedure, the local rules must yield. *See* Fed. R. Civ. P. 83(a)(1) (stating local rules must be consistent with the Federal Rules).

Plaintiffs also argue that the Court should not dismiss this matter but, instead, remand it to Yuma Superior Court. (Doc. 129 at 12). But this matter was originally filed here, in federal court. (*See* Doc. 1). Plaintiffs cite no authority showing that a court may remand a case to state court when it was never removed from state court in the first instance.

Finally, Plaintiffs request, without explaining why, that the Court amend its Order "to reflect a dismissal for lack of supplemental jurisdiction and not a lack of subject matter jurisdiction." (Doc. 129 at 12 n.3). The Court declines to amend its Order on a question of semantics. The Order states that the "Court declines to exercise supplemental

jurisdiction over Plaintiffs' Free Exercise of Religion Act Claim, and therefore the Claim is **DISMISSED** for lack of subject matter jurisdiction." (Doc. 128 at 9). From this, it is clear that the Court elected to decline supplemental jurisdiction and, therefore, subject matter jurisdiction, over the FERA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 129) is **denied**.

Dated this 28th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge